## A06A0624. JACKSON v. THE STATE.
(627 SE2d 853)

BLACKBURN, Presiding Judge.
Following a jury trial, Angela Jackson appeals her conviction of first degree forgery, contending that the trial court erred in denying

her motion for a directed verdict of acquittal, in that the evidence fatally varied from the allegations in the accusation. We disagree and affirm.

"On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction," which is set out in *Jackson v. Virginia.*[1] *Hash v. State.*[2]

> The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

*Taylor v. State.*[3]

So viewed, the evidence shows that Jackson was living at the former residence of Erica Martin, a student, who had moved from the residence in January 2004. Martin received regular federal Pell Grant checks in the mail, and when she did not receive a check due in March 2004, she reported the missing check to police.

After some investigation, police determined that the check had been delivered to Martin's former residence, where Jackson now resided. In early March, Jackson cashed the check, which was made out to Erica Martin, at a grocery store. The check was endorsed on the back with the name "Erica Martin" and a social security number. The signature did not match Martin's signature, nor did the social security number match Martin's social security number. When the grocery store presented the check for payment by the bank, the check was rejected as forged.

At the close of the State's evidence at trial, Jackson moved for a directed verdict of acquittal. The trial court denied the motion and Jackson was convicted, giving rise to this appeal.

Jackson contends that the evidence fatally varied from the accusation, in that the forged writing, i.e., the check itself, does not purport to be made by Erica Martin. We disagree.

Forgery in the first degree is defined as follows:

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Hash v. State,* 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

[3] *Taylor v. State,* 266 Ga. App. 818 (598 SE2d 122) (2004).

A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

OCGA § 16-9-1 (a). The accusation read, in pertinent part, as follows:

J. Brown Moseley, District Attorney . . . charges and accuses ANGELA JACKSON with the offense of FORGERY IN THE FIRST DEGREE for that the said accused . . . unlawfully, did . . . with intent to defraud, knowingly possess a certain writing, to wit: check number 024506 of the Commercial Bank, . . . made payable to Erica Martin, in the amount of $671.10, in such a manner that the writing as made purports to have been made by another person, to wit: Erica Martin, and did utter said writing and deliver to Jenkins IGA, contrary to the laws of said State, the good order, peace and dignity thereof.

Thus, the accusation alleges, in relevant part, that Jackson possessed a writing that as made purports to have been made by another person. The essence of this form of forgery is that "the writing must purport to be the writing of another than the person making it." (Punctuation omitted.) *Pope v. State.*[4]

Here, the forged writing in question was the endorsement on the check, i.e., the forged signature and false social security number written on the back of the check. See OCGA § 16-9-3 ("the word 'writing' includes, but is not limited to, printing or any other method of recording . . . symbols of . . . identification"). The accusation alleged that Jackson possessed and uttered the check, which did in fact contain the forged writing, and therefore adequately described the crime of which Jackson was accused.

The evidence at trial bore out this accusation. The manner in which the endorsement was written (in Martin's name, on the back of a check made out to Martin, with a social security number) is such that the endorsement purported to have been made by a person other than Jackson, because Martin testified that she did not ever receive or endorse the check, and there was testimony that Jackson admitted to a friend that she endorsed the check herself, disguising her normal

---

[4] *Pope v. State*, 179 Ga. App. 739, 741 (1) (347 SE2d 703) (1986).

handwriting. Therefore, as there was competent evidence that Jackson cashed a check which she wrongly endorsed in Martin's name, a rational trier of fact could have found Jackson guilty of forgery in the first degree beyond a reasonable doubt, and the trial court did not err in denying Jackson's motion for a directed verdict of acquittal.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 28, 2006.

*Billy M. Grantham*, for appellant.
*Joseph K. Mulholland, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.